IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER HASENBANK, | 8:18CV148 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| STAICA NELSON, | |
| Defendant. | |

Plaintiff filed her pro se Complaint on April 4, 2018 (Filing No. 1) and was given leave to proceed in forma pauperis on April 18, 2018 (Filing No. 6). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendant, who is identified simply as a "cop," removed Plaintiff's children from her home without benefit of a court order or warrant on March 7, 2014.[1] Plaintiff claims Defendant violated her constitutional rights under the Fourth and Fourteenth Amendments and she brings suit under 42 U.S.C. § 1983 to recover damages for emotional distress.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

---

[1] On March 11, 2015, Plaintiff filed suit in this court against a different law enforcement officer for the same incident. See *Hasenbank v. Martin*, No. 8:15CV88. That action was dismissed with prejudice on Plaintiff's motion on July 29, 2016.

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

The Nebraska statute of limitations for personal injury actions, Neb. Rev. Stat. § 25-207, applies in this case, *see Wilson v. Garcia*, 471 U.S. 261, 279 (1985), and provides a 4-year limitations period for bringing suit. Because Plaintiff's claim

accrued on March 7, 2014, when her children allegedly were removed from her home, she was required to file suit no later than March 7, 2018. Plaintiff did not file suit until nearly one month later, on April 4, 2018. This action is therefore time-barred and will be dismissed on initial review.[2]

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claim alleged is barred by the applicable statute of limitations. Plaintiff will not be allowed to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 19th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992).